IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 3:19-00232 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| [2] TIFFANY RENETIA WALLACE | ) | |

## POSITION OF THE DEFENDANT REGARDING PRESENTENCE REPORT

Comes now the Defendant, Tiffany Renetia Wallace, by and through Counsel, Mark E. Atchison and F. Lee Spratt, Baker Law Group, PLLC, and submits this Sentencing Memorandum, including the factors under 18 U.S.C. § 3553. Defendant would state unto this Honorable Court as follows:

### SENTENCING GUIDELINE CALCULATIONS

The Presentence Investigative Report ("PSR") correctly determines the offense at level 29, with a criminal history category of III.

### 18 U.S.C. § FACTORS

18 U.S.C. § 3553(a) provides the following:
    (a) Factors to be considered in imposing sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph
(2) of this subsection. The court in determining the particular sentence to be imposed, shall consider –
        (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
        (2) the need for the sentence imposed –
            (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
            (B) to afford adequate deterrence to criminal conduct;

1

(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentences and sentencing range established for –
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is effective on the date the defendant is sentenced;
(6) the need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

## A. EXCEPTION TO PRESENTENCE INVESTIGATION REPORT

Defendant would raise one exception to the information listed in the Presentence Investigation Report. The information reflected in Paragraph 9(e) correctly states that the Defendant is currently serving her State sentence; however, Paragraph 67 reflects that the Defendant was reinstated to Probation for 8 years. This error is due to an error in the Probation Revocation Order entered in the Hardeman County Circuit Court. An Amended Revocation Order was entered to correct this error, accurately reflecting that the Defendant was fully revoked to serve the balance of that 8 year sentence, and same is attached hereto as Exhibit 1 to Position of the Defendant Regarding Presentence Report.

## B. HISTORY AND CHARACTERISTICS

Before the Court for sentencing is a 31 year old Defendant with a history of marijuana-related offenses, two of which are simple misdemeanors. The Defendant has been in custody for the conduct related to the instant indictment since December 12, 2018.

2

As noted in the Presentence Investigation Report, Paragraph 80, the Defendant's biological parents were not present during her childhood years, as there is no information regarding her Father's whereabouts, and her Mother is believed to be a lifelong drug abuser.

The Defendant was abandoned during childhood by her Mother, and resided the majority of her *early* childhood with her maternal grandmother, Mrs. Wileana Burt in Franklin, Tennessee. PSR at ¶ 82.

Around the time the Defendant was 9-10 years old, Ms. Karen Allen, the Defendant's godmother, obtained temporary emergency custody of her, due to the Defendant being neglected by her biological mother, by order of the Davidson County Juvenile Court, and without objection from the Defendant's Mother for about a year. At that time, Ms. Burt and Ms. Valda Barksdale intervened and obtained custody of the Defendant and her sister. Id. ¶ 84.

In 2005, the Defendant returned to her home state of Mississippi and resided with Ms. Burt in Kosciusko, MS, and by all reports, excelled in school and athletics during this time period of her life. Id.

In 2009, the Defendant gave birth to her daughter, Kaliyah Wallace, at age 19, whose father died that same year from gunshot wounds, leaving the Defendant to raise her infant daughter alone. Id. ¶ 85

The Defendant later moved to the State of Georgia for a period of time in 2011, before returning to the Nashville area in 2013, where she has since resided, working and supporting her young daughter. Id. ¶ 86

The Defendant's daughter faces serious challenges, as she was born with cerebral palsy, and suffers from learning disabilities. She is currently living with Ms. Kevilyne Allen, the

3

daughter of Ms. Karen Allen, in the Nashville area. By all accounts, the Defendant has always been a loving and caring Mother to her child. Id. ¶ 87.

The Defendant suffered injuries as a result of an automobile collision in 2017, including a brain bleed. ¶ 88

The Defendant reports that she has suffered her own substance abuse issues, including marijuana and ecstasy at an early age. Id. ¶ 91-93. The Defendant has provided certificates of achievement in substance abuse, among other programs to be attached to the PSR.

The Defendant graduated from high school at Kosciusko High School, in Mississippi in 2008, and later attended cosmetology school before having to withdraw when her daughter was born. The Defendant further has attended multiple technical institutions in an attempt to learn and become certified in a trade. Id. ¶ 94-95

The Defendant has maintained employment regularly since 2013, in multiple fields. ¶ 96-97

The Defendant lacks financial resources to pay any fine assessed by the Court in any lump sum amount. Id. ¶ 100

## C. DEFENDANT'S POSITION STATEMENT

In accordance with the agreement of the parties, as reflected in Paragraph 9(d) of the PSR, the Defendant would submit that a reduced percentage sentence of imprisonment be imposed, based on her plea agreement under Rule 11©(1)(B) of the Federal Rules of Criminal Procedure.

Defendant would submit that the Statutory Minimum of 1 year for the violation of 21 U.S.C. § 860(a), same being the violation that constitutes the Base Offense Level as grouped in the PSR, Paragraphs 48-50, for purposes of Offense Level Computation, would be appropriate.

4

Defendant would further submit that any sentence of imprisonment imposed by the Court for the grouped offenses in Counts One, Two, Four, Six and Eight should be served concurrently with the sentence the Defendant is now serving for the State of Tennessee.

Defendant would stipulate that the Court is bound to impose a sentence of imprisonment of five (5) years for her violation of 18 U.S.C. § 924©(1)(A), and that same must mandatorily be served consecutively to her State of Tennessee Sentence, as well as the sentence imposed for the remaining counts in the instant indictment, as stipulated and reflected in the Presentence Investigation Report, Paragraph 9(a)(ii.) and 101.

It is the position of the Defendant that such a sentence, resulting in an effective prison sentence of six (6) years, or seventy-two (72) months, would adequately reflect the cooperation rendered by the Defendant, as well as her acceptance of responsibility and her genuine remorse for her actions and the injuries sustained to general society.

## D. CONCLUSION

Defendant would humbly request this Honorable Court consider all the factors listed herein, along with the PSR and attachments thereto, and sentence the Defendant to a total term of seventy-two (72) months, one year of which to run concurrently with her sentence now being served for the State of Tennessee.

Respectfully submitted,

*s/ F. Lee Spratt & s/ Mark Atchison*
**F. Lee Spratt, BPR #034675**
**Mark E. Atchison, BPR# 037213**
Baker Law Group, PLLC
P.O. Box 250 | 9 Court Square
Charlotte, TN 37036
lee@bakerlawgrp.com
mark@bakerlawgrp.com
(615) 789-3164
(615) 789-6390
*Attorneys for Tiffany Renetia Wallace*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing **Sentencing Memorandum of Defendant Tiffany Wallace** has been delivered by the CM/ECF system to **Josh Kurtzman, AUSA,** 110 9th Ave. South, Suite A-961, Nashville, TN 37203-3870, and by electronic transmission to Terra Everett, U.S. Probation Department, 110 9th Avenue South, Suite A-725, Nashville, TN 37203-3899, on this **14th** day of **May 2021**.

*s/ Mark E. Atchison*
**Mark E. Atchison**